By the Court. Oakley, Ch. J.
As no proof was given on the part of the defendants of the express agreement set up in their answer, they were entitled to demand no more than a reasonable compensation for the service which they performed. By the receipt which they gave for the package, they were exempt from the usual liability of common carriers as insurers. They were not responsible for any loss or damage, arising from any other cause than the fraud or gross negligence of themselves, their agents, or servants; and their witnesses proved, that the same care and diligence were bestowed in the transportation of all articles and packages intrusted to their charge, without reference to their value. It is not perceived, therefore, that there was any reason for enhancing the charge for transportation in proportion to the value of the articles transported, and, consequently, the charge which the defendants made, which even exceeds the usual rate of insurance from New Orleans to New York, was apparently unreasonable and extravagant.
We are not, however, to be understood as saying, that the charge made, unreasonable as it seems, may not be sanctioned by usage ; but, it is certain, no usage could justify the charge, unless its character were proved to be such, as to warrant the presumption that it was known to both parties, and that their contract was made in reference to its existence; in other words, that it was known to Robb & Co., the agents of the plaintiff, when they delivered the package to the defendants, and that, by their silence at that time, they consented to be bound by it.
Had it been proved that there was a general, uniform, and notorious usage, justifying the charge made, by the defendants, the law would have imputed to the plaintiff and his agents a *481 knowledge of its existence, but there was no pretence for saying that any such evidence was given. If any usage was proved, it was that of the defendants alone. It was special and particular, not general; and such being its character, we deem it needless to cite authorities to show that, to render it binding on the plaintiff, his or his agent’s actual knowledge of its existence and terms, was necessary to be proved. The evidence, even, of the existence of this limited usage was slight and unsatisfactory ; and there was none whatever from which a jury could be warranted to infer, that its existence was known to the plaintiff or to Robb & Co.
The judge, however, upon the trial, charged the jury, that if they believed from the evidence, that the customary charge by Express offices was one per cent, on valuable articles from New Orleans to New York, they should find for the defendants to that amount, on the value of the package. We think that this charge was erroneous, and that, upon the evidence before the court, the question of usage ought not to have been submitted to the jury at all. We have, however, no right to say that it was not upon this evidence that their verdict was founded, and it must therefore be set aside.
The judgment set aside, and a new trial ordered ; costs to abide the event.